| | | |
|---|---|---|
| Willie Lovett, | ) | C/A No. 3:12-01816-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Deutsche Bank National Trust | ) | |
| Company, in its capacity as indenture | ) | |
| Trustee for Note holders of Aames | ) | |
| Mortgage Investment Trust 2005-2, a | ) | |
| Delaware statutory trust; Mortgage | ) | ORDER |
| Electronic Registration System, a | ) | |
| Delaware Corporation, aka MERS; EMC | ) | |
| Mortgage Company, an entity; Real Time | ) | |
| Solutions, an entity; Residential Credit | ) | |
| Solutions aka, RCS, a corporation; | ) | |
| AAMES Funding Corporation dba | ) | |
| Aames Home Loan, an entity; All Persons | ) | |
| and Entities Claiming Any Interest in | ) | |
| Subject Real Property Located at 2344 | ) | |
| Rolling Hills Road, Columbia, S.C. 29210; | ) | |
| and Does 1-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the court on the motion of plaintiff Willie Lovett ("Lovett") for a temporary restraining order, preliminary injunction, and a hearing. [Entry #13].

I.      Factual and Procedural Background

On July 2, 2012, Lovett filed a complaint against the Defendants, alleging ca uses of actions for fraud, negligence, quiet title, and for an accounting and requesting injunctive, declaratory, and monetary relief. [Entry #1]. The case appears to be related to *Deutsche Bank v. Lovett*, C/A 3:12-01819-MBS-SVH ("Foreclosure Action"), in which Deutsche Bank National Trust Company ("Deutsche Bank") filed a foreclosure action against Lovett, and which Lovett removed

simultaneously with his filing of the instant case. This action attempts to bring causes of actions against Deutsche Bank and the other defendants surrounding the same set of facts as those at issue in the Foreclosure Action. On July 30, 2012, Lovett filed the instant motion for a temporary restraining order ("TRO"), preliminary injunction and a hearing "to stop a scheduled foreclosure illegally ordered by the court of common pleas in the city of Richland County on July 23 after a Notice of Removal was filed on July 2 which stopped all activity in the case." [Entry#13].

II.     Discussion

    A.     Standard of Review

The court may only grant a TRO, which is issued "without written or oral notice to the adverse party," or a preliminary injunction, after notice to the adverse party, under strict conditions. Fed. R. Civ. P. 65. Both TROs and preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001); *see also Moore v. Kemthorne*, 464 F.Supp.2d 519, 525 (E.D.Va. 2006) ("The standard for granting either a TRO or a preliminary injunction is the same."). A petitioner seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir.2009), overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550

F.2d 189 (4th Cir. 1977).[1]

Traditionally, preliminary injunctions are sought to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003).

B.    Analysis

Lovett is unable to show that there is a likelihood that he will succeed on the merits of his case. Lovett's alleges no factual allegations in his motion aside from those in his complaint. In addition, Lovett indicates in the instant motion that a state court has ruled adversely to him on these issues. This court is barred by the *Rooker-Feldman* doctrine from attacking the conclusions of the state courts regarding the validity of the legal title held by Lovett.[2]    *Brown & Root. Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (the *Rooker–Feldman* doctrine prevents Plaintiff "from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

---

[1]Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, --- U.S. ----, 130 S.Ct. 876 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[2]Any argument by Lovett that the state court lacked jurisdiction based on removal will be addressed in a separate order in the Foreclosure Action.

Lovett also fails to allege that he will be irreparably harmed if the court does not grant a TRO or preliminary injunction. Additionally, Lovett has not met his burden of showing that the balance of equities tips in his favor or that injunctive relief is in the public interest. Therefore, the undersigned finds that Lovett has failed to demonstrate that he is entitled to a TRO or a preliminary injunction and further finds that a hearing on this motion is unnecessary.

III.    Conclusion

For the foregoing reasons, Lovett's motion for temporary restraining order, preliminary injunction, and a hearing is denied. The matter is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

August 1, 2012