IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Willie Lovett, | ) | C/A No.: 3:12-1816-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Deutsche Bank National Trust | ) | |
| Company,in its capacity as indenture | ) | |
| Trustee for Note holders of Aames | ) | ORDER |
| Mortgage Investment Trust 2005-2, a | ) | |
| Delaware statutory trust; Mortgage | ) | |
| Electronic Registration System, a | ) | |
| Delaware Corporation, aka MERS; | ) | |
| EMC Mortgage Company, an entity; | ) | |
| Real Time Solutions, an entity; | ) | |
| Residential Credit Solutions aka, RCS, a | ) | |
| corporation; AAMES Funding | ) | |
| Corporation dba Aames Home Loan, an | ) | |
| entity; All Persons and Entities | ) | |
| Claiming Any Interest in Subject Real | ) | |
| Property Located at 2344 Rolling Hills | ) | |
| Road, Columbia, S.C. 29210; and Does | ) | |
| 1- 10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On July 2, 2012, Plaintiff, proceeding pro se, filed a complaint against the

Defendants, alleging causes of actions for fraud, negligence, quiet title, and for an

accounting and requesting injunctive, declaratory, and monetary relief. [Entry #1]. On

August 20, 2012, defendant Real Time Solutions, Inc. ("Real Time") filed a motion to

dismiss Plaintiff's complaint. [Entry #29]. As Plaintiff is proceeding pro se, the court

entered an order on August 21, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309

(4th Cir. 1975), advising him of the importance of Real Time's motion and of the need for him to file an adequate response. [Entry #30]. Plaintiff was specifically advised that if he failed to respond adequately, Real Time's motion may be granted, thereby ending Plaintiff's claims against Real Time in this case.

Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff has failed to respond to the motion.[1] As such, it appears to the court that he does not oppose the motion and wishes to abandon his action against Real Time. Based on the foregoing, Plaintiff is directed to advise the court whether he wishes to continue with this case and to file a response to Real Time's motion by October 19, 2012. Plaintiff is further advised that if he fails to respond, his claims against Real Time will be recommended for dismissal with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

*Shiva V. Hodges*

October 5, 2012                                        Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

---

[1] Defendant EMC Mortgage Company filed a motion to dismiss on September 4, 2012. [Entry #32]. Plaintiff responded to EMC Mortgage Company's motion on October 3, 2012, but failed to respond to Real Time's motion. [Entry #41].