IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Willie Lovett, | ) | C/A No.: 3:12-1816-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Deutsche Bank National Trust Company, | ) | |
| in its capacity as indenture Trustee for | ) | REPORT AND RECOMMENDATION |
| Note holders of Aames Mortgage | ) | |
| Investment Trust2005-2, a Delaware | ) | |
| statutory trust; Mortgage Electronic | ) | |
| Registration System, aka MERS, a | ) | |
| Delaware Corporation; EMC Mortgage | ) | |
| Company, an entity; Real Time | ) | |
| Solutions, an entity; Residential Credit | ) | |
| Solutions aka, RCS, a corporation; | ) | |
| Aames Funding Corporation dba Aames | ) | |
| Home Loan, an entity, All persons and | ) | |
| entities claiming any interest in subject | ) | |
| real property located at 2344 Rolling | ) | |
| Hills Road, Columbia, S.C. 29210 and | ) | |
| Does 1-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

This is one of two actions in this court involving the foreclosure of the home of plaintiff Willie Lovett ("Lovett") located at 2344 Rolling Hills Road, Columbia SC (TMS #07506-01-78). This action was commenced with the filing of a pro se complaint ("Complaint Case"). The other action was commenced with the filing of Lovett's pro se notice of removal in *Deutsche Bank v. Lovett*, C/A 3:12-01819-JFA-SVH ("Removal Case").

1

I.    Factual and Procedural Background

On March 31, 2005, Lovett executed two mortgages with defendant Aames Funding Corporation, d/b/a Aames Home Loan ("Aames Funding"):  (1) the first securing $75,120.00, which mortgage [1] Aames Funding subsequently assigned to defendant Deutsche Bank National Trust Company, in its capacity as indenture Trustee for Noteholders of Aames Mortgage Investment Trust 2005-2, a Delaware statutory trust ("Deutsche Bank"); and (2) a second mortgage,[2] with defendant Real Time Resolutions, Inc. ("RTR")[3] claiming to be the successor-in-interest to Aames Funding's interest in the second mortgage.

On January 5, 2011, Deutsche Bank filed a foreclosure of its mortgage against Lovett in the Richland County Court of Common Pleas, C/A No. 2011-CP-40-0051 ("Foreclosure Action"). [Entry #29-2]. Lovett answered the complaint, raised affirmative defenses, but failed to assert any counterclaims or cross-claims in the Foreclosure Action. [Entry #29-3].   On July 2, 2012, Lovett filed a notice of removal of the Foreclosure Action, which was docketed as the first entry in the Removal Case.

---

[1] The mortgage was recorded on April 5. 2005 at the Richland County RMC's office in Mortgage Book 1039, Page 1815; the assignment of mortgage was recorded in Book 1671, Page 898. The court takes judicial notice of its own records. *See Ceo v. Ozmint*, 2006 WL 2850538, at *2 (D.S.C. Sept. 29, 2006) ("This court may take judicial notice of its own records in this prior case.") (citing *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)( ". . . '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'")).

[2] The mortgage was recorded on April 5. 2005 at the Richland County RMC's office in Mortgage Book 1039, Page 1834.

[3] The undersigned assumes that Lovett mistakenly referred to Real Time Resolutions in his complaint as Real Time Solutions.

Simultaneously with the filing of the notice of removal, Lovett filed the complaint in the instant action, alleging causes of actions for fraud, negligence, quiet title, and for an accounting arising out of the mortgage loan transaction involving the property that was the subject of the Foreclosure Action. [Entry #1]. Lovett asks that the court stay the Foreclosure Action, find the mortgages and notes unenforceable, and award him actual and punitive damages.

Meanwhile, the Honorable Joseph M. Strickland, Master-in-Equity for Richland County, issued an order on July 23, 2012 in the Foreclosure Action, granting Deutsche Bank foreclosure and directing the sale of the property on August 6, 2012. The sale was cancelled because Lovett filed a Chapter 7 Bankruptcy Petition on August 6, 2012.

The undersigned issued a Report and Recommendation on August 24, 2012, recommending that the Removal Case be remanded to the South Carolina state court. [Entry #11 in the Removal Case]. The Honorable Joseph F. Anderson, Jr. accepted the Report and Recommendation on February 11, 2013, and the matter was remanded to state court. [Entry #28].

This case attempts to bring causes of actions against Deutsche Bank and other defendants surrounding what appears to be the same set of facts as those at issue in the Foreclosure Action.

Before the court are the following motions: (1) the motion to dismiss of RTR [Entry# 29]; (2) the motion to dismiss of EMC Mortgage Company ("EMC") [Entry# 32]; and (3) Lovett's Motion to Consolidate Cases [Entry# 37]. Pursuant to 28 U.S.C. § 636(b)

and Local Civil Rule 73.02(B)(2)(e), this case has been referred to the undersigned for all pretrial management and motions handling. For the reasons that follow, it is recommended that the court grant the motions to dismiss and deny the motion to consolidate.

II.     Discussion

    A.     Federal Diversity Jurisdiction

Lovett's complaint alleges that (1) he is a citizen and resident of Richland County, South Carolina; (2) defendants are all citizens and residents of states other than South Carolina; and (3) the amount in controversy remains in excess of $75,000. Defendants have failed to state any facts or arguments to contradict Lovett's assertion that complete diversity exists among the parties or that the amount in controversy is insufficient. Therefore, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

Although Lovett alleges that he has also pled federal question jurisdiction based on "actual or potential taking of rights and property of [Lovett] without due process and without standing to defend," [Entry #1 at ¶ 8], the court finds that Lovett has failed to establish the existence of such jurisdiction pursuant to 28 U.S.C. § 1331 in light of the nature of the allegations involving private (*i.e.*, non-public) entities.

    B.     Defendants' Motions to Dismiss

        1.     Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions

set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th

Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a

complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint

cannot support" the legal conclusion.   *Young v. City of Mount Ranier*, 238 F.3d 567, 577

(4th Cir. 2001).   Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may

consider "documents incorporated into the complaint by reference, and matters of which a

court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308,

322 (2007).

    2.    RTR's Motion to Dismiss

    In its motion, RTR seeks dismissal of this case based on abstention and res judicata.

RTR argues that there are no federal questions before this court, and this court should

abstain in this case, as the Foreclosure Action is pending and presents the same issues

between the same parties (or successors-in-interest thereto), and it provides the better

forum for resolving the issues.   RTR notes that the state court has entered judgment

against Lovett and this court's proceeding with this case would result in interference with

the state court litigation.   RTR argues that Lovett is abusing the justice system by filing

this case on the same day that he removed the Foreclosure Action, and by filing for

bankruptcy on the same day that the property was scheduled for foreclosure sale. Finally,

RTR argues that res judicata bars this action, as the subject matter of this case is the same

as the subject matter of the prior case in the state court. Further, RTR argues that Lovett had the opportunity to assert his claims in the Foreclosure Action and failed to do so, and that because the claims Lovett asserts here constituted compulsory counterclaims in the Foreclosure Action, he is now barred by res judicata from raising them in this case.

In his response, Lovett opposes RTR's motion to dismiss on the grounds that RTR is not a party to this action and that the action presents a federal question in the "taking of property without due process" and involving defendants that are "subject to federal banking rules and regulations." Entry #44 at 6. Lovett argues that the parties and subject matter of the actions are not identical, therefore abstention is not appropriate. Finally, Lovett states that the judgment entered by the state court was void ab initio. *Id.*

### 3    EMC's Motion to Dismiss

In its motion, EMC similarly seeks dismissal of this case based on abstention and res judicata, as well as on Lovett's lack of standing to maintain this action. Specifically, EMC argues that upon the filing of his Chapter 7 bankruptcy petition, Lovett lost the ability to maintain this litigation, as the filing vested the bankruptcy trustee alone with the authority to maintain an action on the estate's property. Because Lovett's alleged claims concerning his March 2005 loan predate his August 6, 2012 bankruptcy petition, EMC argues that the claims in this complaint became property of Lovett's bankruptcy estate, citing *Hopkins v. Foothill Mt., Inc.*, 346 B.R. 294, 304 (Bankr. E.D.N.Y. 2006)("courts have consistently held that only the trustee and not a debtor has standing to pursue causes of action that belong to the bankruptcy estate."); *National Am. Ins. Co. v. Ruppert*

6

*Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999) ("If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim."). Neither the complaint nor the motions to dismiss identify EMC's role in the mortgage procurement, if any, or its remaining successor interest. Similarly, Lovett's opposition does not provide any significant, material, or relevant argument.

    4.    Analysis

The undersigned's review of the complaint, the parties' briefing, the law, and the relevant public records supports a recommendation of abstention in this case, albeit for not all the same reasons advanced by RTR and EMC.

    (i)    Res Judicata Does Not Bar Action

The undersigned is compelled to find that res judicata does not bar Lovett's action. Res judicata precludes the assertion of a claim that has already been "litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Ohio Valley Envtl. Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir.2009) (quoting 18 James Wm. Moore et al., Moore's Federal Practice § 131.10(1)(a) (3d ed.2008)).

For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits. *Martin v. Am. Bancorp. Ret. Plan,* 407 F.3d 643, 650 (4th Cir.2005). The doctrine of res judicata "bar[s] claims that

were raised and fully litigated," and "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors v. E. Auto Distrib.,* 892 F.2d 355, 359 (4th Cir.1989) (internal citations omitted).

A review of the record reveals that no proper final judgment on the merits was issued in a prior suit prior to Lovett's filing of the notice of removal.  The state court docket reveals that Lovett's notice of removal was docketed on July 2, 2012.  Thereafter, the state court was divested of jurisdiction.  *Burroughs v. Palumbo*, 871 F.Supp. 870, 872 (E.D. Va. 1994)(state is divested of jurisdiction when removal notice is filed in state court). Because the state court is required to "stop all proceedings unless and until the case is remanded," any action it "takes after the filing of the removal notice is void *ab initio*, even if the case is subsequently remanded because the initial removal was improper."   18 James Wm. Moore et al., Moore's Federal Practice § 107.31(2) (3d ed.2008)).   Stated differently, "without a remand order, the state court lacked jurisdiction, because removal deprives a state court of jurisdiction and requires the state court to cease all actions in the case." *Bryan v. BellSouth Communications, Inc.*, 492 F.3d 231, 240 (4th Cir. 2007).  In light of the foregoing law, the undersigned is constrained to find that the order of judgment issued in the Foreclosure Action on July 23, 2012 was void *ab initio*.   Therefore, because there has been no "final judgment on the merits in a prior suit," res judicata does not apply.

(ii)    Abstention

RTR and EMC argue alternatively that the court should abstain from exercising

8

jurisdiction because this case duplicates the Foreclosure Action, a contemporaneous state proceeding. The undersigned agrees.   Under the *Colorado River* abstention doctrine,[4] a district court may abstain from exercising jurisdiction "in the exceptional circumstances where a federal case duplicates contemporaneous state proceedings, and wise judicial administration, giving regard to conservation of judicial resources, and comprehensive disposition of litigation clearly favors abstention." *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 340–41 (2002) (internal citation and quotation marks omitted).

The Supreme Court has "declined to prescribe a hard and fast rule" for determining whether Colorado River abstention is appropriate. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). As a threshold matter, the court must determine "whether there are parallel federal and state suits." *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 207 (4th Cir.2006). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 464 (4th Cir.2005).

If parallel suits exist, the court "must carefully balance" six factors: (1) "whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others," (2) the relative convenience of the federal forum, (3) "the desirability of avoiding piecemeal litigation," (4) the order in which state and federal courts obtained jurisdiction, and the progress achieved in each action, (5) the

---

[4] This abstention doctrine was first recognized in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

presence of federal-law issues, and (6) whether the state forum would adequately protect the parties' interests. *Chase Brexton Health Servs., Inc.*, 411 F.3d at 463–64 (*citing Moses H. Cone Mem'l Hosp.*, 460 U.S. at 15–16, 24–27). "No one factor is necessarily determinative," and the court's decision must not "rest on a mechanical checklist." *Colo. River Water Conservation Dist.*, 424 U.S. at 818–19. Instead, the court applies the factors in "a pragmatic, flexible manner with a view to the realities of the case at hand," *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 13, taking into account "both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise," *Colo. River Water Conservation Dist.*, 424 U.S. at   818.

### a.      Parallel Proceedings

Lovett's complaint appears to assert claims against the same principal parties and their privies involved in the Foreclosure Action. Although not explicitly all named as parties in the Foreclosure Action, the interests of the named defendants here appear to have had their interests represented in the state action. As Lovett notes in his complaint, his claims are brought because each defendant is an "originator or successor apparent of Plaintiff's mortgage." Because the Foreclosure Action and this action have essentially the same parties, factual assertions, and legal claims, the undersigned finds that the proceedings are parallel and proceeds to the second step in the abstention analysis.

### b.      Balance of Factors

The undersigned finds on balance and taking "a pragmatic, flexible" approach to "the realities of the case at hand," *see Moses H. Cone Mem'l Hosp.*, 460 U.S. at 13, that the

10

balance of factors counsel abstention.

The first factor is inapplicable: the subject matter of the litigation does not involve property "where the first court may assume in rem jurisdiction to the exclusion of others." *Chase Brexton Health Servs., Inc.*, 411 F.3d at 463.

The second factor weighs in favor of abstention: the federal forum is inconvenient "not because of distance, as in *Colorado River*, but because of the stage of development of the state action[ ]." The parties have already extensively litigated in Richland County and were on the eve of a judicial sale when this action was filed. "To repeat discovery in this case would be the exact waste of judicial effort sought to be avoided by the Colorado River doctrine." *Brandenburg*, 660 F.Supp. at 735.

The third factor of avoiding piecemeal litigation also supports abstention: "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Gannett Co.*, 286 F. 3d at 744 (internal citation and quotation marks omitted). Even Lovett appears to concede this factor, as he argues in his motion to consolidate that "[t]he content of each individual action warrants [consolidation] and will save time, effort and attorney's fees ultimately for all parties especially since [this action] will likely be dispositive of the issues to be raised under the [Foreclosure Action].

The fourth factor—the order in which the courts obtained jurisdiction and the progress achieved in each action—supports abstention. The Foreclosure Action was filed in state court, removed to federal court, and remanded. In this court, the parties have

litigated only the questions of remand and abstention. "Plainly, this disparate progression of the cases weighs in favor of abstention." *Matiyasic v. Access Controls, Inc.*, 991 F.2d 790 (table), 1993 WL 100054, at *2 (4th Cir. Apr. 6, 1993) (per curiam) ("[o]ver six months of discovery followed services of process in the state proceeding, while the federal action remained dormant"). *Md. Reclamation Assocs., Inc. v. Harford County*, Case No. HAR–93–1291, 1993 WL 460835, at *5 (D.Md. Oct. 27, 1993) (abstention warranted, partly because "substantial time and resources have already been expended in the earlier-filed state action, and the state and federal actions involve the same events").

Also supporting abstention is the fifth factor—whether state or federal law provides the rule of decision on the merits. All of Lovett's claims sound in state law: fraud, negligence, quiet title, and for an accounting. The lack of a question of federal law "points forcefully toward abstention." *Automated Sys. & Programming, Inc.*, 176 F.Supp.2d at 463. *See Beck v. CKD Praha Holding, A.S.*, 999 F.Supp. 652, 657 (D.Md.1998) (abstaining because, inter alia, "state, not federal law govern[ed] all aspects of Plaintiffs' claims, giving the state court a substantially greater interest in adjudicating this controversy").

Finally, the last factor supports abstention, as the state proceedings are adequate to protect the parties' rights. This litigation involves only state law claims, which are "distinctly tied to the State" of South Carolina. *Covance Labs., Inc. v. Orantes*, 338 F.Supp.2d 613, 619 (D.Md.2004). *See also Seneca One Fin., Inc.*, 2010 WL 4449444, at *7 (state court was an adequate forum because it was "fully capable of providing relief to either party").

In sum, the undersigned finds that this litigation presents the rare, exceptional circumstance when wise judicial administration counsels abstention. *See Vulcan Chem. Techs., Inc.*, 297 F.3d at 340–41. Accordingly, the undersigned recommends the court stay this action pending the outcome of the state proceedings in the Foreclosure Action.  *See Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 823 (4th Cir.2000) ("A district court may stay an action seeking damages but generally may not subject it to outright dismissal or remand")(internal citations and quotations omitted).  The undersigned recommends that the court restore the action to the docket, if at all, upon Lovett's request, within 60 days of the conclusion of the Foreclosure Action, if any claims then-remain that are not otherwise adjudicated by the state court.

(iii)    Injunctive/Declaratory Relief Unavailable

To the extent Lovett asks for injunctive relief in the form of a court order staying the Foreclosure Action, this request is prohibited by the Anti–Injunction Act, 28 U.S.C. § 2283, which speaks to the ability of the United States to stay state court proceedings. The act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  The Act constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (plurality opinion).  None of these exceptions applies here.

13

Further, Lovett's request to declare the mortgage and note unenforceable runs afoul of the abstention jurisprudence.   The Supreme Court has stated that "even if a declaratory judgment is not used as a basis for actually issuing an injunction, declaratory relief alone has virtually the same practical impact as a formal injunction would." *Samuels v. Mackell,* 401 U.S. 66, 73 (1971). The Fourth Circuit has likewise held that where the Anti-Injunction Act bars an injunction it "also bars the issuance of a declaratory judgment that would have the same effect as an injunction." *Denny's, Inc. v. Cake*, 364 F.3d 521, 528 (4th Cir. 2004) (internal quotation marks and citations omitted).   This is the case here: Lovett's request for a declaration that the mortgage and note are unenforceable preempts the foreclosure and has "the same effect" as his request for an injunction to prevent foreclosure; both "result in precisely the same interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid." *Samuels*, 401 U.S. at 72.

C.    Lovett's Motion to Consolidate

In his motion, Lovett seeks to consolidate this case with the Foreclosure Action pursuant to Fed.R.Civ.P.42(a), arguing convenience of the parties and conservation of judicial economy.   Entry #37 at 3.   In light of the court's order filed February 11, 2013, remanding the Foreclosure Action, consolidation is unnecessary and unavailable.

14

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court grant the motions to abstain and administratively stay this case [Entry #29 and #32], and deny the motion to consolidate [Entry #37].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 12, 2013                                Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).