IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Willie Lovett, | ) | C/A No.: 3:12-1816-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Deutsche Bank National Trust Company, | ) | |
| in its capacity as indenture Trustee for | ) | REPORT AND RECOMMENDATION |
| Note holders of Aames Mortgage | ) | |
| Investment Trust #2005-2, a Delaware | ) | |
| statutory trust; Mortgage Electronic | ) | |
| Registration System, aka MERS, a | ) | |
| Delaware Corporation; EMC Mortgage | ) | |
| Company, an entity; Real Time | ) | |
| Solutions, an entity; Residential Credit | ) | |
| Solutions, aka RCS, a corporation; | ) | |
| Aames Funding Corporation dba Aames | ) | |
| Home Loan, an entity; All persons and | ) | |
| entities claiming any interest in subject | ) | |
| real property located at 2344 Rolling | ) | |
| Hills Road, Columbia, S.C. 29210, and | ) | |
| Does 1–10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Willie Lovett ("Lovett") brought this action involving the foreclosure of his home located at 2344 Rolling Hills Road, Columbia SC (TMS #07506-01-78) ("the Property"). This matter comes before the court on the status report of EMC Mortgage Company ("EMC") [Entry #68] filed pursuant to the court's order to apprise the court of the state court's disposition of the foreclosure action. [Entry #60].

1

Lovett filed the instant complaint on July 2, 2012, alleging causes of actions for fraud, negligence, quiet title, and for an accounting arising out of the mortgage loan transaction involving the Property. [Entry #1]. At the time that Plaintiff filed the instant action, a mortgage foreclosure action brought by Deutsche Bank National Trust Company, in its capacity as indenture Trustee for Note holders of Aames Mortgage Investment Trust #2005-2, a Delaware statutory trust ("Deutsche Bank") was pending against Lovett in the Richland County Court of Common Pleas, C/A No. 2011-CP-40-0051 ("Foreclosure Action"). [Entry #29-2]. Lovett asserted causes of action in the instant case against Deutsche Bank and other defendants surrounding the same set of facts as those at issue in the Foreclosure Action.[1]

The undersigned issued a report and recommendation ("R&R") on February 12, 2013, addressing the motions to dismiss of defendant Real Time Resolutions, Inc. ("RTR")[2] and EMC. [Entry #46]. In finding that federal abstention was appropriate, the undersigned recommended the court stay the case pending the outcome of the state foreclosure proceedings. *Id*. at 13. The R&R also recommended that "the court restore the action to the docket, if at all, upon Lovett's request, within 60 days of the conclusion of the Foreclosure Action, if any claims then-remain that are not otherwise adjudicated by the state court." *Id*. On March 6, 2013, the Honorable Margaret B. Seymour, United States District Judge, adopted the R&R and incorporated it into her order by reference. [Entry #50

---

[1] For a more detailed recitation of the factual and procedural history, see Entry #46.
[2] The undersigned assumes that Lovett mistakenly referred to Real Time Resolutions in his complaint as Real Time Solutions.

at 3]. Additionally, Judge Seymour ordered RTR and EMC to file status reports every 90 days until the Foreclosure Action is resolved. *Id*. at 3.

On November 25, 2013, EMC filed a status report indicating that the Foreclosure Action has concluded. [Entry #68]. EMC attached a copy of the Public Index for the Foreclosure Action, which indicates the case is considered disposed and also lists August 30, 2013, as the last date of any activity in the case. [Entry #68-1]. Therefore, because Lovett has not requested that the court restore this case to the docket, the undersigned recommends the case be dismissed with prejudiced in accordance with the court's prior rulings.

IT IS SO RECOMMENDED.

January 9, 2014                                         Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).