IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Willie Lovett, ) | |
| ) | C/A No. 3:12-1816-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Deutsche Bank National Trust Company, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On July 2, 2012, Plaintiff Willie Lovett, proceeding pro se, filed the within complaint in which he alleges causes of action for fraud, negligence, to quiet title, and for an accounting, all arising out of a mortgage on Lovett's property located at 2344 Rolling Hills Road, Columbia, South Carolina (the "Property"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., both matters were referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

On August 20, 2012, Defendant Real Time Resolutions, Inc. ("RTR")[1] filed a motion to dismiss based on abstention and res judicata. On September 4, 2012, Defendant EMC Mortgage Company ("EMC") filed a motion to dismiss based on abstention, res judicata, and lack of standing. On February 12, 2013, the Magistrate Judge issued a Report and Recommendation in which she rejected RTR and EMC's claims of res judicata. The Magistrate Judge determined, however, that the within action duplicates a contemporaneous state court foreclosure proceeding. The Magistrate Judge therefore recommended that the court abstain from exercising jurisdiction pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), and that the within action be stayed pending the outcome of the foreclosure proceedings. The Magistrate Judge

---

[1] Also denominated in the pleadings and other papers as "Real Time Solutions."

further recommended that the court restore the action to the docket upon Plaintiff's request, should any claims remain that are not otherwise adjudicated in the state proceedings. The court adopted the Report and Recommendation by order filed March 6, 2013, and recommitted the matter to the Magistrate Judge.

On November 25, 2013, EMC filed a status report in which it informed the court that the state court foreclosure action had been concluded in August 2013. On January 10, 2014, the Magistrate Judge issued a Report and Recommendation in which she noted that the foreclosure action had been disposed of, and, further, that Plaintiff had not requested the court restore the case to the docket. Accordingly, the Magistrate Judge recommended that the within action be dismissed, with prejudice. No party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is hereby **dismissed**,

with prejudice, as to all Defendants.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 21, 2013.